# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 28, 2012 Session

## IN RE: CAMERON S.H.

**Appeal from the Juvenile Court for Knox County**
**No. 121209     Hon. Tim Irwin, Judge**

**No. E2012-00220-COA-R3-PT-FILED-SEPTEMBER 14, 2012**

In this parental termination case, the father was appointed counsel at the time the Court held a dependency hearing in the Juvenile Court and the Order appointing counsel in that proceeding also appointed the attorney for the subsequent termination of parental rights trial. When the Petition to terminate the father's parental rights trial was held, neither the father nor counsel appeared at trial and a Judgment was entered terminating the father's parental rights. On appeal, appellant argues that the statue and rule governing this proceeding required notification to the father's attorney. We vacate the Judgment of the Trial Court on the grounds that both the Court and the Department of Children's Services were charged with the knowledge that the appellee was appointed counsel and that the termination Petition's Judgment was prejudicial to the judicial process when the father's lawyer was not notified of the Petition or trial. We vacate and remand for a new trial.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Vacated.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Robin Gunn, Knoxville, Tennessee, for the appellant, J.S.L.

Robert E. Cooper, Jr., Attorney General and Reporter, and Marcie E. Greene, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee, Department of Children's Services..

**OPINION**

In this action to terminate the parental rights of the child, Cameron S.H.'s father, J.S.L., was appointed counsel on March 7, 2011 during the pendency of the dependency/neglect proceedings in Juvenile Court.

A Petition to Terminate Parental Rights of the father was filed in the Juvenile Court on November 3, 2011, and avers that the mother had surrendered her rights to the child, and the father had been incarcerated for a portion of the four month period prior to filing, and that before that, he engaged in conduct exhibiting a wanton disregard of the child's welfare, and that he failed to comply with the permanency plan.

The Petition further states that the child was removed from the mother at birth, and that the father was arrested in the fall of 2009 for assault against a former girlfriend, but released on probation, and then was returned to jail for violating that probation for failing drug screens and incurring additional criminal charges. The Petition states that in June 2010, the father was arrested for theft, possession of drug paraphernalia, and driving on a suspended license, and the father was arrested again in August 2010 for aggravated assault against the child's mother while she was pregnant with the child. The Petition further averred the father was released in April 2011 and that he did not visit the child, but failed to return to his Steps program and was re-incarcerated. At the time the Petition was filed, the father was classified as an absconder and a warrant was out for his arrest. The Petition sought termination of the father's rights on numerous grounds.

On December 22, 2011, the Trial Court issued a Termination of Parental Rights and Final Decree of Guardianship, finding that the child had been in custody since 12/15/10, that the Petition to Terminate was filed on November 3, 2011, and was personally served on the father on November 10, 2011, and that he was given the hearing date and notice that if he did not appear his rights could be terminated. The Court held the father was also given the statutory notice to incarcerated parents advising of their right to participate in the proceedings and the right to counsel. The Court found the father failed to appear or otherwise defend the petition.

After the hearing the Court found numerous grounds to terminate the father's parental rights from the evidence heard by the Court, and that it was in the child's best interest that the father's rights be terminated.

The issues presented on appeal are:

1.      Whether DCS failed to properly effectuate service as required by Tenn. R. Civ. P. 5.02?

2.      Whether the Trial Court erred by taking action on the Petition for Termination of Parental Rights without proof of the time and manner of such being filed and properly before the court as required by Tenn. R. Civ. P. 5.03?

Appellant argues that DCS failed to serve his attorney of record with the termination petition, as is required by Tenn. R. Civ. P. 5.02. He argues that his attorney was appointed prior to the filing of the termination petition, yet she was never served with the same, and was never notified of the proceedings, and therefore, did not appear at the hearing. Appellant further argues that the summons which was filed as a supplement to the record does not bear the stamp and signature showing that it was properly filed with the court clerk after service.

Appellant's attorney was appointed on March 7, 2011, during the pendency of the dependency/neglect proceedings, months before the termination petition was ever filed. The Order appointing respondent's attorney states that she was appointed to represent him regarding the dependency petition, in foster care review and permanency proceedings, and from the filing of the termination of parental rights petition to conclusion of trial, and he argues that his attorney should have been given notice of the termination petition, as she had been appointed to represent him.

The defendant argues that termination proceedings are separate and distinct from dependency/neglect proceedings. *See In re: Deciandra M.*, 2011 WL 1679059 (Tenn. Ct. App. May 4, 2011); *In the Matter of L.A.J.*, III, 2007 WL 3379785 (Tenn. Ct. App. Nov. 15, 2007). The only requirement contained in the statutory scheme or the court rules is that proper service be had on the necessary party, in this case, appellant. *See* Tenn. Code Ann. §36-1-117; Tenn. R. Civ. P. 4; Tenn. R. Juv. P. 39. Tenn. R. Juv. P. 39 states that, upon the filing of a termination petition, "the court shall cause the necessary parties as provided in T.C.A. §36-1-117 to be summoned in accordance with the Tennessee Rules of Civil Procedure." Tenn. Code Ann. §36-1-117 requires service on parents, guardians, etc., and Tenn. R. Civ. P. 4 states that when a new action is filed, service must be made on the defendant.[1] The record shows that the summons that was filed with the Petition to Terminate reflects that it was personally served on the father on November 10, 2011, but not his court appointed attorney.

In this case, there is no dispute that respondent was personally served with the summons, which listed the date of the termination hearing, a copy of the termination petition,

---

[1] Respondent's reliance on Tenn. R. Civ. P. 5 is misplaced, since it only deals with pleadings filed after the original complaint/petition.

and the above-listed rights as an incarcerated parent.[2] The Notice given to the father contains all of the above information required by Tenn. R. Juv. P. 39, and also contains the following admonition: "YOU MUST NOTIFY THE COURT IMMEDIATELY IF YOU WISH TO PARTICIPATE OR TO CONTEST THIS PETITION." The Notice goes on to provide the father with the contact information whereby he can give such notification, and states that if he fails to do so, a default judgment may be taken against him and the Court may proceed with the termination without his participation.

When the father was brought before the Juvenile Court in the filing of the dependency petition, the Juvenile Court entered an Order appointing an attorney for the father. The Order provided that the appointee would represent the father in the dependency petition proceeding, the case disposition, foster care review and <u>the termination of parental rights petition to the conclusion of the trial</u>. (Emphasis supplied). The father's attorney was not notified in any fashion of the termination proceeding and it was only after Judgment terminating the father's parental rights that the father learned that his rights had been terminated and he wrote the Court a letter to reconsider.

Appellee argues, and we agree, that the termination proceeding is entirely separate and apart and arguably, the statute only requires in termination proceedings that service be had on the parents, guardians, etc., and on the defendant. However, there is a compelling reason to vacate and remand for a new trial. The father has a fundamental right to the care, custody and control of his child. *Stanley v. Illinois*, 405 U.S. 645-651 (1972); *In re: Swanson*, 2 S.W.3d 180-188 (Tenn. 1999). In this case, the Trial Court and the Department are charged with knowing that counsel had been appointed for the father, but counsel was not notified of the termination proceeding until Judgment had been entered terminating the father's parental rights, and the failure to notify counsel of the termination proceeding affected the substantial constitutional and statutory rights of the father. Accordingly, we hold that substantial justice requires that we grant the father a new trial. We hold the existing Judgment results in prejudice to the judicial process. *See,* Tenn. R. App. P. 36(b).

We vacate the Judgment of the Trial Court and remand for a new trial consistent with this Opinion. The cost of the appeal is assessed to the Department of Children's Services.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[2] Respondent argues that the summons and notice are not properly signed/stamped showing they were returned to the Court, but the Court has certified that these documents were properly in the Court's record.